**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOHN K. DELANEY,

    Plaintiff - Appellant,

v.

KIRK THOMPSON,

    Defendant - Appellee.

No. 20-3001
(D.C. No. 5:18-CV-03037-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.[**]
_____

Plaintiff-Appellant John K. Delaney, a state inmate appearing pro se, seeks to

appeal the district court's dismissal of his 42 U.S.C. § 1983 claim as time-barred

under the applicable two-year limitations period. Delaney v. Thompson,

No. 18-3037-SAC, 2020 WL 42270 (D. Kan. Jan. 3, 2020).

In the underlying civil rights action filed by Mr. Delaney on February 16,

2018, he challenges the constitutionality of changes to the Kansas Offender

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Registration Act's (KORA) statutory scheme following his sex offense conviction in 2001. He specifically challenges the amendments that (1) changed the duration of registration required for his offense from 10 years to life, (2) revoked his alleged right to petition the sentencing court for relief from the duty to register, and (3) increased the penalty for violating KORA. These amendments were passed in 2006, 2001, and 2006, respectively.

A state's limitation period for damages based upon personal injury provides the applicable limitations period for § 1983 claims. Wilson v. Garcia, 471 U.S. 261, 276 (1985); Mondragón v. Thompson, 519 F.3d 1078, 1082 (10th Cir. 2008). The applicable limitations period in Kansas is two years, Kan. Stat. Ann. § 60-513(a)(4), which means that Mr. Delaney had two years from the accrual of his cause of action to file suit. Federal law governs when a § 1983 claim accrues. Wallace v. Kato, 549 U.S. 384, 388 (2007); Mondragón, 519 F.3d at 1082. It has long been established that "[§] 1983 claims accrue, for the purposes of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." Johnson v. Johnson Cty. Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir. 1991). Even assuming that Mr. Delaney was not made aware of the KORA amendments at the time of their passage, he would have certainly learned about them in 2013 when he was charged with failing to register. As the present suit was filed five years after this charge — and three years after Mr. Delaney's 2015 sentencing — it is outside of the applicable limitations period and is thus time-barred. We agree with the district court that the continuing violation doctrine does not apply in these circumstances.

2

See <u>Parker v. Bourdon</u>, 800 F. App'x 654, 657 (10th Cir. 2020) (unpublished) [1]; <u>Torres v. Shea</u>, Civ. No. 19-1010 JAP/JFR, 2020 WL 1676920, at *3 (D.N.M. Apr. 6, 2020).

AFFIRMED.  We GRANT Mr. Delaney's renewed application to proceed without prepayment of fees and remind him that he is obligated to continue making partial payments until the entire filing fee has been paid.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[1] Cited for its persuasive authority.  10th Cir. R. 32.1(A).